JARED WASHKOWITZ
JAW LEGAL: HAWAII
Email: jw102475@gmail.com
1050 Bishop Street, #450
Honolulu, HI 96813
Telephone: (808)840-7410
Facsimile: (415)520-9729

PRO HAC VICE
HOOPER, LUNDY & BOOKMAN, P.C.
JENNIFER A. HANSEN
E-Mail:   jhansen@health-law.com
101 W. Broadway, Suite 1200
San Diego, California 92101-3890
Telephone: (619) 744-7300
Facsimile: (619) 230-0987

Attorneys for Plaintiff
WENDELL FOO, M.D.

# UNITED STATES DISTRICT COURT

# DISTRICT OF HAWAI'I

| | |
|---|---|
| WENDELL FOO, M.D.,<br><br>  Plaintiff,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES AND CENTERS FOR MEDICARE AND MEDICAID SERVICES,<br><br>  Defendant. | Case No. CV 18-00490-JAO-WRP<br><br>**PLAINTIFF'S SUPPLEMENTAL BRIEF**<br><br>Action Filed: 12/14/2018<br>Hearing Date: 8/30/19<br>U.S. District Judge: Jill A. Otake<br>U.S. Mag. Judge: Wes R. Porter |

This follows the Court's order to provide briefing relating to the *Jason R. Bailey, M.D., P.A.*, DAB No. 2855 (2018)[1] case, which is distinguishable.

First, in *Bailey*, there was <u>no</u> dispute as to what address was on report with Novitas, the applicable Medicare Administrative Contractor ("MAC"), and that the provider was <u>no longer</u> operational at the address reported to Novitas. *Id.* at 5, 6, 9, 16. The provider <u>conceded</u> that he was no longer operational to provide Medicare services at the address reported to the MAC, Novitas, at the time of the site visit. *Id.* at 9, 16. The issue in *Bailey* thus boiled down to whom a change of address was or should have been reported to. *Id.* at 11. Here, Dr. Foo vigorously <u>disputes</u> altogether the notion that the Waialae Ave. address was **ever** listed as his practice location of record. He disputes that he reported any change in, change to, or "confirmation of" a Waialae Ave. practice address in 2010 or 2014. In fact, CMS has consistently made the novel argument that the Waialae address was "imputed" based on **"no changes"** from an alleged **2010** information submission from Dr. Foo. Even if CMS' untimely raising of this **new** justification against Dr.

---

[1] There is a Jason Bailey who has filed a complaint in the U.S. District Court for the Southern District of Texas, Case No. 4:2019cv01669 dated May 6, 2019 entitled *Berry v. Berryhill*. Unfortunately, given the short time frame to file this response, we have not been able to locate a copy of that complaint to determine whether this is the same Jason Bailey or whether it is an appeal of his DAB decision. Assuming that it is an appeal of the DAB decision, it should not be relied upon, and to the extent the DAB relied upon it in Dr. Foo's case, it was arbitrary, capricious and an abuse of discretion to do so.

Foo **for the first time on ALJ appeal** were allowed, it simply is not "substantial" evidence – because per CMS' logic, **all** information fields with no change (e.g. Dr. Foo's name, specialty, medical records storage locations, etc.) must *also*, **but did not**, read "no data provided" on its 2014 PECOS records.  Further, there *is* substantial evidence that Dr. Foo was operational at multiple practice locations at the time of the site visits, and that CMS knew that the nature of his practice as an anesthesiologist included working at *multiple* valid practice locations at the request of a surgeon.  (See Finneman transcript, at 83:4-7.) In *Bailey*, the provider was a surgeon himself with a single practice location.

      Additionally, in contrast to Bailey, the May 24, 2014 Application Data Report (AR 677) never listed an actual practice location, and the 2010 record provided is unreliable.  Ms. Finneman admitted there is no copy of what was viewed in 2014 in the exhibits.  (Finneman, at 113:15-17.) CMS should have (but did not) take additional steps to ascertain Dr. Foo's physical practice locations since the computer system records in CMS' own possession relating to Dr. Foo's 2014 re-validation application, unlike the *Bailey* matter, were obviously **incomplete** on their face.  In *Bailey*, the provider cited to <u>no</u> authority showing that CMS had an obligation to take additional efforts to identify accurately the practice location.  *Id.* at 7.  Here, unlike *Bailey*, Dr. Foo identified where the PIM required it to request missing/clarifying information from the provider, which it did not do.

(PIM 15.7(C)(3), (4), AR 766.) In any event, 42 C.F.R. § 424.535(a)(5)(i) requires <u>reliable</u> evidence, and CMS provided no <u>reliable</u> evidence here that his practice location was anything other than the three surgery centers he provided services at for numerous years.

Moreover, no evidentiary dispute existed in *Bailey*. Multiple evidentiary issues exist here. Not only are the 2010 exhibits unreliable, the alleged 2010 records and a "phone log" were not cited as a basis for revocation until <u>AFTER</u> Dr. Foo requested reconsideration. Thus, per PIM 15.25.2.2.D, and also due to being raised against Dr. Foo for the first time at the ALJ appeal stage in the case of the 2010 exhibit proffer (AR 288), all of this alleged evidence is inadmissible.

Finally, in *Bailey*, even assuming CMS lacked authority to revoke under section 424.535(a)(5), CMS had another basis to revoke due to the provider's failure to report a change of address within 30 days under section 424.535(a)(9). *Id.* at 7, 20. Here, only <u>one</u> subsection, 424.535(a)(5), is at issue.

For all of the above referenced reasons, the *Bailey* case is readily distinguishable from the situation here, and should not be relied upon. Unlike in *Bailey*, a lack of substantial evidence exists here to uphold the DAB Decision and the agency action was arbitrary, capricious, an abuse of discretion and not otherwise in accordance with law under 5 U.S.C. § 706(2). Thus, Dr. Foo respectfully requests that the DAB Decision be reversed in its entirety.

Dated:  September 3, 2019        HOOPER, LUNDY & BOOKMAN, P.C.


                                 By:    /s/ Jennifer A. Hansen
                                        JENNIFER A. HANSEN
                                 Attorneys for WENDELL FOO, M.D.

# CERTIFICATE OF SERVICE

I hereby certify that, on the date and by the method of service noted below, a true and correct copy of the foregoing document was served on the following in the manner set forth below:

**Served Electronically through CM/ECF**

| | |
|---|---|
| KENJI M. PRICE<br>United States Attorney<br>District of Hawaii | Attorneys for Defendant |

SYDNEY SPECTOR
Assistant U.S. Attorney
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
Email: Sydney.Spector@usdoj.gov

Executed on September 3, 2019, at San Diego, California.

      /s/ Diane DeCarlo
      Diane DeCarlo